CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
April 23, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Joseph W. Hamm, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00855 |
| NP Heather Greear | ) |
| and | ) |
| Dr. Greg Haynes, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph W. Hamm, Jr., an Virginia inmate housed at Southwest Virginia Regional Jail and proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against two named Defendants, NP Heather Greear[1] and Dr. Greg Haynes. Hamm complains that he received inadequate medical care while incarcerated.

**I.   Facts and Procedural History**

The complaint alleges that Hamm's rights have been violated by the inadequate or non-existent medical care at the Jail, causing him pain and suffering. (Compl. at 4–5, 12–13 (Dkt. 1).) He specifically claims that breathing treatments he required were skipped, causing him to catch pneumonia, and that he experienced oral irritation after his inhaler dosage was

---

[1] Greear was identified initially by Hamm as "Dr. Heather Greer"; she is, however, a nurse practioner amd her last name is Greear so the docket was changed accordingly.

reduced. He also claims the facility has refused to treat him for a problem with his neck. The named Defendants, Greear and Haynes, are mentioned only in the case caption. The complaint's factual allegations do not mention Greear and Haynes.

Greear and Haynes filed a motion to dismiss (Dkt. 14) and a memorandum in support of the motion to dismiss (Dkt. 15), based, in part, upon Hamm's failure to make any factual allegations against them. Hamm requested an extension of time to respond (Dkt. 19), which the court granted. (Dkt. 20.) Nonetheless, Hamm failed to respond to the motion to dismiss.

## II.   Standard of Review

Hamm brings this action *pro se,* so the court liberally construes his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

## III.   Analysis

Liability under § 1983 is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Hamm failed to make any allegations about the actions or inactions of Greear and Haynes, so he has not met the standard of establishing a plausible claim of entitlement to relief against them. When there are no specific factual allegations against a defendant, dismissal is naturally warranted. *E.g.*, *Harris v. City of Virginia Beach*, 11 F. Appx. 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

## IV. Conclusion

Because Hamm does not make any allegations whatsoever against Defendants Greear and Haynes, the complaint fails to state a plausible claim upon which relief could be granted. Accordingly, dismissal of this action is warranted, and the court **GRANTS** the motion to dismiss and **DISMISSES** this action without prejudice, meaning that the dismissal of this action is not a finding that Hamm could not in the future state a claim against the named or other defendants. It is merely a ruling that the complaint filed by Hamm in this action fails to state a claim against the named Defendants, so it cannot proceed.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Hamm.

**ENTERED** this 23rd day of April 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE